### JOHN B. WILGUS *v.* COMMONWEALTH.

**Taxation—Listing of Lease for Term of Years.**

A lease of property for a term of years, with perpetual renewal is not subject to be taxed as real estate. It should be listed as personalty under "value under the equalization law."

**Same.**

A lessee of property in perpetuity cannot be held liable for taxes assessed on the value of the lot, as the owner thereof. He would not be subrogated for the liability of the lessor.

**Same—Estate for Years.**

An estate for years in land is regarded in law as inferior to an estate for life, or an inheritance. It is only a chattel and becomes part of the personal estate of the lessee.

APPEAL FROM FAYETTE COUNTY COURT.

January 4, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

(See *Wilgus vs. Commonwealth, 9 Bush., 556.*)

By an *Act* of the *Legislature,* approved February 28, 1862, the Auditor of Public Accounts is authorized to appoint one or more agents in this Commonwealth, and by said Act it is made the duty of such agent or agents to ascertain whether any person or persons owning property in this Commonwealth have failed, since the 10th day of January, 1858, to list his, or their property with the assessor, or with the *Supervisor* of *Tax,* or the *Clerk* of the *County Court,* or the *Sheriff,* as then provided by law, and to give information of such persons, and of their failures to list their property, with the county court in which said property should have been listed, whereupon said court is required to issue a summons against such person, or persons, to appear before such court in thirty days after the service of said summons and list their property for taxation for the years they have heretofore failed to do so, and the said court shall, upon being satisfied that person or persons have failed to list their property, and have not paid the taxes thereon to the sheriff, assess and fix the value of the same for the years such property was not assessed, and the same shall be certified by the said court in the same manner as is now required by law, to the proper officer for the collection thereof.

Appellant, as lessee of a lot in the city of Lexington, for years from said city, with the right of perpetual renewal, was proceeded against under said Act, for an alleged failure to list said lot, *or* improvements for taxation for any years from 1856 to 1868, inclusive, and upon a trial of the case the county court adjudged that the city of Lexington, the lessor, having failed to list the lot for taxation, for the years specified, was responsible, for the taxes on the *value* of the lot for those years and fixed the amount it should pay, and rendered judgment against appellant, as lessee for the taxes on the *value* of the improvements on said lot for the years aforesaid. And he now seeks by this appeal to reverse that judgment.

Whether or not the lessee is subject to be taxed, for said lot and improvements, as the owner of real estate, or whether he is liable to be taxed for the value of his lease as personalty is the real question to be determined, as it does not appear that the house on the lot was built by him, or belongs to him and property distinct from the lot.

An estate for years in land is regarded in law as inferior to an estate for life, or an inheritance; an estate for life even if be *pur auter vie* is a freehold; but an estate for years, although if it be for a thousand years, is only a chattel, and becomes part of the personal estate of the lessee. *Black. Comm., Book 2, side page 143.*

The character of the estate determines how, or under what head, it must be listed for taxation—and as there is no specific head prescribed in the form given by the statute for the tax book for yeases for years, they must be listed under the head of *"Value under the equalization law"* in the tax book.

To sustain the judgment the Attorney General has cited the case of *Johnson vs. Smith, 5 Bush., 104.* In that case Mrs. Smith, as distinctly stated in the opinion, took a life estate in the house and lot occupied by her under the will of J. J. Jacob, and having a freehold, though not of inheritance it partook of the character of real estate. She had *interest* in the realty, and for that reason under the peculiar phraseology of the statute which is quoted in the opinion the tenant for life was made responsible for the tax; and as the estates are essentially different, in the two cases, the reason for the conclusion in the one case does not apply to the other.

Wherefore, as it does not appear that appellant did not fail to list all his personal estate subject to taxation, the judgment was unauthorized. Wherefore, the same is *reversed,* and the cause remanded, with directions for further proceedings consistent with this opinion.

*Kinkead & Goodloe, for appellant.*